Kelly ST. JULIAN, Plaintiff–Appellant,

v.

Joseph ST. JULIAN, an individual,
Defendant–cross–claimant–
Appellee,

and

Metropolitan Life Insurance Company,
a New York corporation; Business
Edge Solutions Life Insurance Plans,
an Erisa Plan, Cross–defendants–Appellees.

No. 10–55470.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2012.*

Filed April 20, 2012.

Gail S. Cooper–Folb, Esquire, Cooper–Folb Law Offices, Glendale, CA, James S. Link, Baraban & Teske, Pasadena, CA, Timothy P. Peabody, Esquire, Timothy P. Peabody Law Offices, Newport Beach, CA, for Plaintiff–Appellant.

Ronald Dean, Ronald Dean, ALC, Pacific Palisades, CA, for Defendant–cross–claimant–Appellee.

Rebecca Ann Hull, Sedgwick, Detert, Moran & Arnold LLP, San Francisco, CA, for Cross–defendants–Appellees.

Before: FERNANDEZ and
SILVERMAN, Circuit Judges, and
BLOCK,** District Judge.

**MEMORANDUM****

Kelly St. Julian appeals from the district court's grant of summary judgment to Joseph St. Julian on her claim seeking to impose a constructive trust over the pro-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ceeds of an ERISA[1] covered life insurance policy on the life of John St. Julian. We affirm.

Kelly asserts that because she was John's surviving, though estranged,[2] spouse, she can claim a community property interest in the proceeds. However, regardless of whether California would determine that Kelly had a community property interest in the policy, this court has clearly held that the preemption provision of ERISA[3] precludes the imposition of a constructive trust upon the proceeds. *See Carmona v. Carmona,* 603 F.3d 1041, 1061–62 (9th Cir.2010), *cert. denied,* —— U.S. ——, 131 S.Ct. 1492, 179 L.Ed.2d 305 (2011). As we said, "a state law constructive trust cannot be used to contravene the dictates of ERISA." *Id.* at 1061.[4] That being so, the district court properly granted summary judgment in favor of Joseph. While Kelly launches a number of attacks on *Carmona*'s reasoning, we are bound by its holdings. *See, e.g., Hart v. Massanari,* 266 F.3d 1155, 1171 (9th Cir. 2001).

AFFIRMED.

---

1. Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461.

2. There can be no doubt that Kelly and John were living separately and that Kelly had filed for a dissolution of the marriage.

3. 29 U.S.C. § 1144(a).

4. *Carmona,* 603 F.3d at 1062, did note that, perhaps, a constructive trust could be used

"to recover ill-gotten gains." However, there is no indication that Joseph's gains were "ill-gotten."

